**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROLANDO OCHOA-ACUNA, | No. 07-74781 |
| Petitioner, | Agency No. A070-773-722 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010**

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Rolando Ochoa-Acuna, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we deny the petition for review.

Substantial evidence supports the agency's determination that Ochoa-Acuna did not establish past persecution based on his participation in a civil defense patrol because he failed to show a nexus between the harm he and his family suffered and one of the statutorily protected grounds. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997) (persecution by anti-government guerillas may not, "from that fact alone, be presumed to be 'on account of' political opinion"). Substantial evidence also supports the agency's determination that Ochoa-Acuna failed to establish a well-founded fear based upon his ability to reasonably relocate within Guatemala, *see* 8 C.F.R. § 208.13(b)(1), and changed country conditions following the 1996 peace accords, *see Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 997-98 (9th Cir. 2003).

Because Ochoa-Acuna did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the BIA's denial of CAT relief

because Ochoa-Acuna failed to show that it is more likely than not that he would be tortured if removed to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED**.